IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEANGELEO ANTOINE HUGHES,

    Petitioner,                      2: 10 - cv - 3024 WBS TJB

    vs.

JAMES WALKER,

    Respondent.                ORDER

_____/

    Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 30, 2011, Petitioner filed a motion to stay his federal habeas petition so that he could exhaust allegedly newly discovered claims. In his motion, Petitioner argues that newly discovered evidence indicates that a witness, Timothy Clay, committed perjury at the preliminary hearing. Clay's preliminary hearing was used at trial as it was determined that Clay was unavailable. It also appears as if Petitioner is asserting that the prosecution improperly tampered with Clay. Petitioner attached an affidavit from Timothy Clay which was executed on September 12, 2011 to his motion to stay which Petitioner relies on to support these claims. For example, Clay's affidavit attached to Petitioner's motion states that the prosecution told him to "leave the county for a month or so," as his preliminary hearing testimony would be used at trial. Petitioner asserted in his motion to stay that a stay should issue pursuant to Rhines v. Weber, 544 U.S. 269

1  (2005).

Respondent filed a response in opposition to Petitioner's motion to stay on October 26, 2011. Respondent argues that Petitioner's motion to stay was more proper under the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), overruled on other grounds by, Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). "Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71.)  Next, Respondent argued that a Kelly stay should not issue because Petitioner's new arguments raised in the motion to stay are untimely and do not relate back to the originally filed federal habeas petition.

Petitioner filed a reply in November 2011. In the reply, Petitioner concedes that his motion to stay seeks a stay more akin to a Kelly stay rather than Rhines and requests that a Kelly stay be issued. Petitioner also argues that his claims raised in his motion to stay should be deemed timely pursuant to 28 U.S.C. § 2244(d)(1)(D) as he only received Clay's affidavit in September 2011. Section 2244(d)(1) states that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) *the date on which the factual predicate of the*

*claim or claims presented could have been
discovered through the exercise of due diligence.*

28 U.S.C. § 2244(d)(1)(emphasis added).  Petitioner asserts that he could not have discovered the facts underlying claims that the prosecution tampered with Clay and that Clay committed perjury at the preliminary hearing until he received Clay's affidavit in September 2011, thereby making his claims timely under Section 2244(d)(1)(D).

While Respondent's response to the motion addressed the timeliness of Petitioner's alleged newly discovered claim that Clay perjured himself at the preliminary hearing under section 2244(d)(1)(D), it failed to address whether Petitioner's purportedly newly discovered claim that the prosecution tampered with Clay is timely under 28 U.S.C. § 2244(d)(1)(D).

Accordingly, IT IS HEREBY ORDERED that Respondent shall file a sur-reply to Petitioner's motion to stay the federal habeas proceedings on or before November 17, 2011. Respondent's sur-reply should specifically address whether Petitioner's purportedly newly discovered claim that the prosecution tampered with Clay is timely under 28 U.S.C. § 2244(d)(1)(D).

DATED:  November 9, 2011

                                          TIMOTHY J BOMMER
                                          UNITED STATES MAGISTRATE JUDGE